**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------X
                                :    CHAPTER 11
In re:                                :
                                :    Case No. 18-50132
WALL STREET THEATER COMPANY, INC.  :    Case No. 18-50133
WALL STREET MASTER LANDLORD, LLC   :    Case No. 18-50134
WALL STREET MANAGING MEMBER, LLC   :
                                :
          Debtor.         :    February 7, 2018
                                :
---------------------------------------------------------------X

**OBJECTION OF THE MORGANTI GROUP, INC.
TO THE MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING
DEBTORS TO USE CASH COLLATERAL AND
<u>GRANTING ADEQUATE PROTECTION</u>**

      The Morganti Group, Inc. ("Morganti"), a secured creditor and party-in-interest, by and through its undersigned counsel, McElroy, Deutsch, Mulvaney and Carpenter, LLP, hereby objects to the above-captioned debtors' Motion for Interim and Final Orders Authorizing Debtors to Use Cash Collateral and Granting Adequate Protection (the "Motion"), and in support thereof states as follows.

### <u>INTRODUCTION</u>

      Morganti is the holder of a $2.3 million mechanics' lien, which secures payment owed to Morganti for its renovation work on a historic theater, the principal asset of the debtor Wall Street Theater Company, Inc. ("WSTC"). As will be described below, this multi-million dollar dispute between WSTC, debtor Wall Street Master Landlord, LLC ("Master Landlord") and Morganti is the subject of (1) a contractually-mandated arbitration scheduled to begin on April 17, 2018 and (2) a mechanics' lien foreclosure pending in state court. In what appears to

be the debtors' strategy to delay those proceedings and thwart Morganti's efforts at realizing upon its claim, and instead of allowing an essentially two-party dispute to be properly and promptly resolved in the forum chosen by the parties, WSTC and two of its affiliates have commenced these Chapter 11 proceedings. The debtors' use of cash collateral should be denied, or at a minimum, significantly limited, because, *inter alia*, the debtors' own projections betray an inability to make adequate protection payments to Patriot Bank and the debtors' proposed budget (and the motion to which it is attached) fail to provide sufficient detail to enable interested parties and the Court to determine the viability of the debtors' proposed income and expense projections.

## BACKGROUND

1. In February, 2015, WSTC entered into a construction contract with GTL Construction, LLC ("GTL") for the renovation of a historic theater located at 71 Wall Street, Norwalk, Connecticut (the "Project").

2. After performing work on the Project for approximately one year, a dispute arose between GTL and WSTC, which culminated in GTL's termination as contractor WSTC on the Project. Thereafter, GTL alleged that it had not been paid for its work, and recorded a mechanics' lien against the Project in the amount of $261,672.25.

3. Thereafter, WSTC sought a replacement contractor and entered into negotiations with Morganti for work on the Project. On or about June 29, 2016, Morganti, as general contractor, and WSTC, as owner, entered into a construction contract (the "Construction Contract") for the renovation of the Project, pursuant to which Morganti agreed to perform certain specified renovation work on the Project in exchange for the lump sum price of

$5,682,632 (the "Contract Sum"), subject to addition or deletion in accordance with the terms and conditions of the Construction Contract.

4. Morganti commenced its work on the Project on or about May 18, 2016 and at all times performed its work in strict and full accordance with the Construction Contract. Morganti's work on the Project was delayed by WSTC's actions and omissions on the Project, including among other things its failure to pay for a building permit and its failure to procure construction drawings, all of which led to multiple change orders for labor and materials above and beyond the scope of work contemplated by the Construction Contract.

5. Following the closing on a construction loan from Patriot Bank in or about December, 2016, WSTC eventually issued payment to Morganti on its prior Applications for Payment Nos. 6 and 7 which payments, although late, covered Morganti's work on the Project through November 30, 2016. Wall Street thereafter made a partial payment on Morganti's Application for Payment No. 8, covering work performed through December 31, 2017. These payments brought the total amount paid by WSTC to $4,724,142.85 and were the last payments Morganti would receive for its work on the Project.

6. On or about December 29, 2016, the Construction Contract was assigned by WSTC to Master Landlord pursuant to that certain Assignment and Assumption of Contractor Agreement, pursuant to which both WSTC and Master Landlord remained liable to Morganti for payments under the Construction Contract.

7. Morganti continued working on the Project during the months of January, February, and March, 2017.

8. On April 11, 2017, Morganti notified WSTC that it was in material breach of the Construction Contract by virtue of failure to issue payment to Morganti based on Applications for Payment which were certified by the project architect. Morganti further notified WSTC that, as a result of this material breach, Morganti and its subcontractors were relieved of any further obligations under the Construction Contract and that Morganti was permitted to suspend its performance of the Construction Contract, including but not limited to, any work required for a Final Certificate of Occupancy.

9. Following Morganti's declaration of material breach, Morganti issued its final Applications for Payment to the WSTC and the project architect in the respective of amounts of $860,263.32 and $864,851 for work performed on the Project through March 31, 2017, bringing the total amount still due and owing Morganti for work performed on the Project to $2,387,540.79, based on a final Contract Sum of $7,272,834.45.

10. On May 6, 2017, Morganti filed a Demand for Arbitration (the "Demand") with the American Arbitration Association ("AAA") against WSTC and Master Landlord in accordance with the parties' Construction Contract (the "Arbitration"). Pursuant to its Demand, Morganti alleges that WSTC materially breached the Construction Contract and seeks the amount of $2,387,540.79 for work performed under the Construction Contract in addition to interest, attorneys' fees and costs. Arbitration between Morganti and WST is scheduled to commence on April 17, 2018 and continue through April 26, 2018.

11. On May 17, 2017, Morganti filed a mechanics' lien (the "Mechanics' Lien") in the amount of Two Million Three Hundred Eighty Seven Thousand Five Hundred Forty and 79/100 ($2,387,540.79) and recorded it in the Norwalk Land Records in Volume 8528 at Page

58. On May 26, 2017, Morganti served WSTC with a true and attested copy of the Mechanics' Lien, which set forth the date on which Morganti commenced providing labor, materials and rendering services on the Project and further expressed Morganti's intention to claim a lien for those materials and services.

12. On August 17, 2017, Morganti commenced an action in the Superior Court of Connecticut (the "State Court") styled as *The Morganti Group, Inc. v. Frank Farricker and Suzanne Cahill*, Docket No. DBD-CV-17-6023054 (the "Farricker/Cahill Action") for, *inter alia*, negligent misrepresentation, fraud, tortious interference and defamation *per se*, arising from their misrepresentations concerning the funding for the Project. Among other things, in the Farricker/Cahill Action, Morganti alleges that WSTC's agents, Cahill and Farricker, induced Morganti to continue performing work on the Project during the months of December, January, and February, 2017 even though WSTC knew it had insufficient funds to pay Morganti and even though WSTC had no intention of paying Morganti.

13. On November 1, 2017, Defendants Farricker and Cahill filed a motion seeking to stay the Farricker/Cahill Action pursuant to Section 52-409 of the Connecticut General Statutes pending a resolution of the Arbitration. Morganti filed an objection thereto on December 8, 2017.

14. On January 29, 2018, the State Court denied the Defendants' motion for stay pending Arbitration and that case is proceeding in the ordinary course.

15. On October 26, 2017, Morganti commenced an action in the Superior Court of Connecticut styled as *The Morganti Group, Inc. v. Wall Street Theater Company, Inc., et al.*,

Docket No. FST-CV-17-6033693 seeking to foreclose its Mechanics' Lien in accordance with state law (the "Foreclosure Action").

16. On November 22, 2017, Defendants WSTC, Master Landlord and its affiliates moved to stay the Foreclosure Action pending resolution of the Arbitration. On January 9, 2018, Morganti filed an objection to the motion to stay. Defendants' motion to stay was scheduled to be adjudicated on February 5, 2018.

17. On February 4, 2018 (the "Petition Date"), WSTC, Master Landlord and Wall Street Managing Member, LLC ("Managing Member") (collectively, the "Debtors") each filed separate voluntary petitions under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Connecticut.

18. On that same date the Debtors filed their Motion seeking the use of cash collateral on a preliminary basis through March 16, 2018 and on a final basis through December 31, 2018.

## LEGAL AUTHORITY

19. Pursuant to Section 363(c)(2) of the Bankruptcy Code, cash collateral may not be used by the debtor without the consent of a secured party holding an interest in such collateral. The debtor may obtain Court approval to use cash collateral only upon a showing that the secured creditors' interest in its collateral is "adequately protected." 11 U.S.C. §363(e).

20. If adequate protection cannot be provided, the debtor is prohibited from using the secured party's cash collateral. *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003).

21. "To determine whether an entity is entitled to adequate protection and the type and amount of adequate protection required, a court must determine the value of the collateral, the creditor's interest in the collateral and the extent to which that value will decrease during the course of the bankruptcy case." *In re Megan-Racine Associates, Inc.*, 202 B.R. 660, 663 (N.D.N.Y. 1996).

## RELIEF REQUESTED

22. Morganti respectfully requests that the Court issue an order denying the Motion and for use of cash collateral, or conditioning such relief to the extent set forth below.

## GROUNDS FOR RELIEF

23. Morganti objects to the following provisions sought by the Motion and/or in the proposed Interim Order Authorizing the Use of Cash Collateral and Granting Adequate Protection and Scheduling Hearing on Final Use of Cash Collateral (the "Interim Cash Collateral Order"):

   a. The Debtors propose to pay Patriot Bank ("Patriot" or the "Bank") monthly adequate protection payments in the amount of $46,047.023. The Debtors have not provided any factual predicate as to whether Patriot is fully secured by its collateral and as to the appropriateness of the proposed adequate protection payments. Moreover, the Debtors state in their proposed Interim Cash Collateral Order that "[t]he failure to timely pay said monthly payment to Patriot will be grounds for immediate termination of the continued use of cash collateral." However, pursuant to the Debtors' 13-week cash flow budget (the "Budget") attached as Exhibit A to the Motion, the Debtors lack

sufficient funds to pay the adequate protection payment for the next eight (8) weeks or until April, 2018. The Debtors fail to reconcile the Debtors' obvious inability to make the proposed adequate protection payment at the outset with the immediate termination of the use of cash collateral for non-payment.

b. The Debtors propose to pay a "Developer Fee" in the amount of approximately $2,500.00 per week. The Budget fails to identify the recipient of these funds and the necessity for same.

c. The Debtors propose to pay $5,435 per week or $21,740 per month in salaries. According to the Debtors' Motion for Authority to Pay Pre-Petition Employee Wages, Salaries, and Related Item; to Pay Pre-Petition Health Insurance Premiums, to Reimburse Pre-Petition Employee Business Expenses and to Make Payments for Which Pre-Petition Payroll Deductions were Made (the "Wage Motion"), the Debtors have only one (1) employee. The Debtors fail to identify this employee by name and/or why such employee is entitled to a gross annual salary of $260,000 for a not-for-profit corporation.

d. The Debtors indicate that one of the purposes of their bankruptcy filing is to preserve the Master Lease between Master Landlord and a non-debtor entity Wall Street Master Tenant, LLC ("Master Tenant"). Notably absent from the Budget, however, is any reference to rental income from Master Tenant. There is no explanation as to the amount of the monthly rent to be paid to

the Debtor Master Landlord, whether the payment of rent is current, the amount of any arrearage, and if the rent is not current, when the Debtors expect to receive such income. Nor is there any explanation as to why the Debtors would propose a budget that would not reflect the rental income from a non-debtor affiliate.

e. The Debtors indicate that they expect to receive $1.8 million in Tax Credits in or about April, 2018 but fail to provide any specific detail concerning which tax credits will be paid, by whom, and any conditions precedent to the recovery of same.

f. Morganti objects to Paragraph 9 of the proposed Interim Cash Collateral Order to the extent that it gives parties-in-interest only until March 15, 2018 to commence a contested matter or adversary proceeding challenging the validity, enforceability, or priority of Patriot's liens. Morganti submits that a period of thirty (30) days to investigate and contest Patriot's liens is insufficient and will unfairly prejudice it. Morganti requests that such time period shall be the later of sixty (60) days following the appointment of a Creditors' Committee and its counsel or June 15, 2018.

g. Debtors' proposed Carve-Out appears to include all amounts due and owing the Debtors' employees for post-petition wages. As set forth above, the Court and its creditors are without sufficient information to understand who is getting paid and what services are being provided in exchange therefor.

h. Debtors' proposed Carve-Out is objectionable to the extent it fails to provide for payment of professional fees to any Creditors' Committee that may be formed.

i. The Debtors' proposed budget through December 31, 2018 indicates substantial monthly revenue of "Other" that appears to increase over time. The Debtors fail to provide any detail whatsoever for this additional revenue and the likelihood that such income will be generated and received by the Debtors. In the absence of such information, creditors are incapable of evaluating the feasibility of the Budget.

j. The Debtors have asserted a monetary counterclaim (which Morganti disputes) against Morganti in connection with the Arbitration. If Morganti were found to be liable to the Debtors for a sum of money, Morganti would be entitled to set-off (or recoup) against any sums owed to the Debtors the amounts the Debtors owe to Morganti. Such setoff rights are superior to any liens which Patriot Bank (or any other lien creditor) might assert in moneys owed to the Debtors by Morganti. Therefore, Morganti objects to the grant of any lien in favor of Patriot Bank which could be deemed to impair or subordinate Morganti's rights of setoff and/or recoupment.

k. Morganti objects to Paragraph 3 of the proposed Interim Cash Collateral Order to the extent that it addresses only the lien of Patriot and fails to provide that nothing in the order shall impair or affect the status of validity,

perfection, amount and extent of the security interest of any other secured creditor, including Morganti.

WHEREFORE, Morganti respectfully requests that the Court issue an Order denying the relief requested by the Debtors in the Motion for Interim and Final Orders Authorizing Debtors to Use Cash Collateral and Granting Adequate Protection, or in the alternative, conditioning such relief to the extent hereinabove requested and for such other and further relief as this Court deems necessary and just.

By: /s/ Kristin B. Mayhew
Kristin B. Mayhew – ct20896
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
Southport, CT  06890-1436
Tel.:   (203) 319-4022
Fax:   (203) 259-0251
Email   kmayhew@mdmc-law.com

**CERTIFICATE OF SERVICE**

    I, Kristin B. Mayhew, hereby certify that a copy of the foregoing Objection to the Motion for Interim and Final Orders Authorizing Debtors to Use Cash Collateral and Granting Adequate Protection was filed electronically with the Court on February 7, 2018.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

                                                               /s/ Kristin B. Mayhew
                                                                Kristin B. Mayhew

KBM/213626/0140/1487067v1
02/07/18-HRT/BD