# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | : | CASE No. | 18-50132 (lead) (JAM) |
| | : | | |
| WALL STREET THEATER | : | CHAPTER | 11 |
| COMPANY, INC., et al.[1] | : | | |
| | : | | |
| DEBTOR. | : | ECF No. | 216 |
| | : | | |

## ORDER DENYING APPLICATION TO EMPLOY SPECIAL COUNSEL

### I.   Procedural Background

On February 3, 2018 (the "Petition Date"), the Debtors Wall Street Theater Company, Inc., Wall Street Master Landlord, LLC, and Wall Street Managing Member, LLC filed voluntary Chapter 11 petitions. On May 25, 2018, the Debtors filed an Application to Employ Hinckley, Allen & Snyder, LLP ("HAS") as Special Counsel to the Debtors *Nunc Pro Tunc* (the "Application to Employ," ECF No. 216). On June 12, 2018, the United States Trustee (the "UST") filed an Objection to the Application to Employ (the "UST Objection," ECF No. 234), and the Morganti Group, Inc. filed a Limited Objection to the Application to Employ (the "Morganti Objection," ECF No 235).

On June 19, 2018, the Court held a hearing on the Application to Employ, the UST Objection, and the Morganti Objection. At the June 19, 2018 hearing, the Court continued the matter to June 29, 2018, at the conclusion of the which, the matter was taken under advisement.

---

[1] The Chapter 11 cases of Wall Street Theater Company, Inc., Case No. 18-50132, Wall Street Master Landlord, LLC, Case No. 18-50133, and Wall Street Managing Member, LLC, Case No. 18-50134 are jointly administered under Case No. 18-50132.

On July 12, 2018, the Debtors filed a Notice of Supplemental Authority in Support of Application to Employ Hinckley, Allen & Snyder LLP as Special Counsel *Nunc Pro Tunc* (the "Supplemental Authority in Support of Application to Employ," ECF No. 264), calling the court's decision to the recently issued *Bench Decision Regarding Application for Permission to Retain Winston & Strawn, LLP and Objections Thereto*, in the Chapter 11 bankruptcy proceeding *In re Relativity Media, LLC, et al.*, Case No. 18-11358 (MEW) (Bankr. S.D.N.Y July 6, 2018).

## II. Factual Background

Prior to the Petition Date, HAS represented the Debtors in two suits pending in the Connecticut Superior Court:

1. *R&B Ceramic Tile and Floor Covering, Inc. v. Wall Street Theater Company Inc., et al.*, Case No. NNH-CV17-6071339-S, pending in New Haven Superior Court ("*R&B Ceramic v. Wall Street*"); and

2. *The Morganti Group v. Wall Street Theater Company, Inc., et al*, Case No. FST-CV17-6033693-S, pending in Stamford Superior Court ("*Morganti v. Wall Street*").

Application to Employ, Ex. B "Declaration of Peter J. Martin, Esq.," ¶ 6.a. (hereinafter, the "Martin Declaration"). In *R&B Ceramic v. Wall Street*, HAS represents Wall Street Theater Company, Inc., Wall Street Master Landlord, and Wall Street Master Tenant. In *Morganti v. Wall Street*, HAS represents Wall Street Theater Company, Inc., Wall Street Master Tenant, and Wall Street Master Landlord. *See* Application to Employ, 3.

Also prior to the Petition Date, HAS represented the Debtors in an arbitration captioned *The Morganti Group, Inc. v. Wall Street Theater Company, Inc., et al*, Case No. 01-17-0002-8468 (the "Arbitration"). Martin Declaration, ¶ 6.b. After the Petition Date, Morganti filed a Motion for Relief from the Automatic Stay (the "Motion for Relief from Stay," ECF No. 54)

under 11 U.S.C. § 362(d)(1), seeking an order to allow it to proceed with the Arbitration. Application to Employ, 4. The Motion for Relief from Stay is currently under advisement.

HAS also currently represents the Debtors' principal Suzanne Cahill and Frank Farricker[2] in *The Morganti Group, Inc. v. Farricker, Frank et al.*, Case No. DBD-CV17-6023054-S, pending in Danbury Superior Court ("*Morganti v. Farricker*"). Application to Employ at 4; Martin Declaration ¶ 6.c. HAS also currently represents the following creditors in unrelated matters: Eversource, XTX Associates, LLC, MacKenzie Painting, and Standard Demolition Services. Martin Declaration ¶ 6.d. HAS has a prepetition claim against the Debtors for $40,875.77 and a post-petition claim of $1,022.50. *Id.* at 6.

### III. Discussion

#### A. Legal Standard

The purpose of Section 327 of the Bankruptcy Code is to ensure that all professionals "tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *In re AroChem*, 176 F.3d 610, 621 (2d Cir. 1999) (quoting *In re Leslie Fay Companies*, 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994)). A bankruptcy court "should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention before making a decision." *Id.* (citations omitted). The Second Circuit addressed the representation of special counsel under Section 327(e) in *AroChem*, noting that Section 327(e) provides that the debtor

> may employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

---

[2] Mr. Farricker is referred to as a principal of the Debtors in the Martin Declaration. Martin Declaration, ¶ 6.c.

*In re AroChem*, 176 F.3d at 621.

The Bankruptcy Code does not define what it means to "hold or represent an interest adverse to the debtor or to the estate. However, in *AroChem,* the Second Circuit adopted the definition articulated in the case of *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985), *aff'd in relevant part and rev'd and remanded in part on other grounds*, 75 B.R. 402 (D. Utah 1987). *In re AroChem*, 176 F.3d at 623. Accordingly, in the Second Circuit, to hold or represent an adverse interest means

> (1) to possess or assert any economic interest that would lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*Id.* (quoting *In re Roberts*, 46 B.R. at 827). Determining whether an adverse interest exists is a case-by-case inquiry. *Id.*; *In re CF Holding Corp.*, 164 B.R. 799, 806 (Bankr. D. Conn. 1995). "The question of adverse interest ultimately turns on whether the particular facts at issue within the scope of the proposed employment call into question the incentive of counsel to act with undivided loyalty to the estate." *In re AroChem Corp.*, 181 B.R. 693, 700 (Bankr. D. Conn. 1995), *subsequently aff'd,* 176 F.3d 610 (2d Cir. 1999).

### B. Analysis

According to the Application to Employ, the Debtors require the "continued legal services of HAS to aid [Green & Sklarz LLC] by providing advice concerning the various construction related matters in which Debtors are a party and monitoring said claims, including the Arbitration." Application to Employ, 4. Apparently, "[Green & Sklarz LLC] requires sophisticated and knowledgeable construction counsel to assist it in rendering advice to Debtors regarding said claims." *Id.*

4

Exhibit A to the Application to Employ (the "Retention Agreement") defines the scope of the employment as

> limited to general advice concerning the claim asserted by Morganti against [Wall Street Theater Company, Inc.] with respect to the above-referenced bankruptcy proceedings. The scope of engagement shall not include representing [Wall Street Theater Company, Inc.] in any contested matter such as filing an objection to Morganti's claim or motions to challenge the validity of Morganti lien, any adversary actions or any proceedings in state court or the pending arbitration.

Retention Agreement, 1. The Retention Agreement also includes a clause on Payment of Bills stating any amounts not paid within thirty (30) days will incur a late charge at the monthly rate of one (1) %.

The UST Objection highlights the connections between Suzanne Cahill, Frank Farricker, and the Debtors.[3] Suzanne Cahill is the sole member and controls all three of the Debtors (Wall Street Theater Company, Inc., Wall Street Master Landlord, LLC, and Wall Street Managing Member, LLC). UST Objection, ¶¶ 4-12. Frank Farricker is a member of Lockwood & Mead Real Estate LLC ("Lockwood & Mead"), which provides development services relating to the sale and liquidation of tax credits belonging to the Debtors in return for a fee. *Id.* at ¶ 13. Morganti has alleged that Mr. Farricker served and acted as the "owner's representative" of Wall Street Theater Company, Inc. *Id.* at ¶ 16. Lockwood & Mead is owed an undisputed $952,000.00 by the Wall Street Theater Company, Inc., *see* Amended Schedule F, ECF No. 189, and receives a monthly developer fee from the Debtors of approximately $10,000.00. *See* Third Interim Order (1) Authorizing Continued Use of Cash Collateral, (2) Granting Adequate Protection, and (3) Scheduling Hearing on Final Use of Cash Collateral, ECF 202; UST

---

[3] The UST attached to the UST's Objection Morganti's Complaint against Frank Farricker and Suzanne Cahill in *Morganti v. Farricker* as additional evidence of a conflict, because Morganti's claims, "if proven, could form the basis for claims by the Debtors against Ms. Cahill and Mr. Farricker." Trustee's Objection, p. 8, and Ex. A.

Objection, ¶¶ 17-18.  Mr. Farricker also attended each of the Section 341 meetings and the initial first day hearings for the Debtors.  UST Objection, ¶ 19.  Given HAS's existing and proposed continued concurrent representation of the Debtors, Ms. Cahill, and Mr. Farricker, HAS does hold or represent an interest that "….would create either an actual or potential dispute in which the estate is a rival claimant…" and/or that possesses "… a predisposition under circumstances that render such a bias against the estate".  *In re AroChem*, 176 F.3d at 623.

The UST Objection further argues that the description of services that HAS will perform is vague, the Application to Employ fails to explain why such advice is necessary, and the interest clause in the Payment of Bills Section of the Retention Agreement is not appropriate. The Morganti Objection notes that, to the extent that the automatic stay remains in effect as to the pending arbitration, employing HAS is premature, and if relief is granted, the scope of HAS's retention, which is currently limited to exclude the pending arbitration would need to be modified.

Considering all of the particular facts and circumstances of the Debtors' cases, including the fact that: (i) the Application to Employ and the Retention Agreement do not clearly define what "specified special purpose" HAS is supposed to serve; (ii) HAS does hold or represent an interest that would create either an actual or potential dispute in which the estate is a rival claimant and/or that possesses a predisposition under circumstances that render such a bias against the estate; and (iii) there is no reason to expose the Debtors' estates to another administrative expense given the Debtors' admission that this is a case that "does not have enough zeros after it,"[4] the Application to Employ is denied.  If as the Debtors' cases proceed, the

---

[4] *See* ECF No. 271 in Case No. 18-50132, recording of July 24, 2018, hearing at approximately 23 minutes and 18 seconds.

particular facts and circumstances warrant and permit the employment of HAS, the Debtors can seek the employment of HAS at that time.

### IV. Conclusion

After careful consideration of the Application to Employ, the UST Objection, the Morganti Objection, the Supplemental Authority in Support of Application to Employ, the arguments presented by both parties at the hearings held on June 19 and June 29, 2018, and the particular facts and circumstances of the Debtors' cases, it is hereby

**ORDERED**: The Application to Employ is **DENIED**. If, as the Debtors' cases proceed, the particular facts and circumstances warrant and permit the employment of special counsel, the Debtors may file such an application.

Dated at Bridgeport, Connecticut this 2nd day of August, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

7